IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA CONE SELENSKY,                    *
                                        *
Plaintiff,                              *
                                        *
vs.                                     *    CIVIL ACTION NO.12-00665-WS-B
                                        *
                                        *
JUDGE WHIDDON, *et al.,*                *
                                        *
Defendants.                             *

## Report and Recommendation

Plaintiff Linda Selensky, who is proceeding pro se, filed a Complaint (Doc. 1) and a Motion to Proceed In Forma Pauperis. (Doc. 2).  Plaintiff's motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1)[1].  Because Plaintiff is seeking to proceed in forma pauperis, her Complaint must be screen under 28 U.S.C. § 1915(e)(2)(B).[2] Troville v. Venz, 303 F.3d 1256, 1260 (11th

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's motion to proceed without prepayment of fees, to a Magistrate Judge.

[2]This section provides:
      (2) Notwithstanding any filing fee, or any portion thereof,
          that may have been paid, the court shall dismiss the
case at any time if the court determines that –
            (A) the allegation of poverty is untrue; or
            (B) the action or appeal –
                  (i)  is frivolous or malicious
                  (ii) fails to state a claim on which relief may
                       be granted; or
                  (iii)seeks monetary relief against a defendant

Cir. 2002) (applying § 1915(e) to non-prisoner actions).   Having screened Plaintiff's Complaint, the Court finds that federal jurisdiction is lacking.   Accordingly, it is recommended that this action be dismissed for lack of subject matter jurisdiction.

## I.   Nature of Proceedings[3]

In her Complaint, Plaintiff names Judge Whiddon, Judge Matthew Green, and the Mobile Police Department as Defendants. (Doc. 1).   According to Selensky, she is seeking to sue "everyone associated with [her] eviction from the apartments [she] lived in and the humiliation [she has] suffered with the courts." (Id., at 1).   She further asserts that she has requested the reinstatement of her previous cases, and that her requests have been denied. (Id.).   Selensky contends that her civil rights have been taken from her due to her injury and that she has not done anything to deserve such "punishment". (Id.). Selensky also claims that her right to represent herself was

---

who is immune from such relief

[3] Plaintiff Linda Cone Selensky is a frequent litigant in this Court.   She has filed several actions based on many of the same allegations raised in the instant complaint.   These actions have been dismissed based on Plaintiff's failure to comply with the Court's Orders, jurisdictional requirements, and the Federal Rules of Civil Procedure. See Selensky v. Mobile Infirmary, 06-cv-00217-WS-M (S.D.Ala. June 12, 2006); Selensky v. State of Alabama, 08-cv-00173-WS-C (S.D.Ala. July 3, 2008); Selensky v. Whiddon, 09-cv-00592-CG-C (S.D.Ala. November 13, 2009); Selensky v. Green, 10-cv-00041-WS-C (S.D.Ala. April 26, 2010); Selensky v. State of Alabama, 11-cv-00195-KD-B (S.D.Ala. July 11, 2011).

"taken from [her] by threats with jail if [she] didn't bring an attorney with her to court," that she was threatened with jail time for crimes she did not commit, and that she has been incarcerated in jail without due process of law. (Id., at 2). She further asserts that she appealed her state court convictions and filed a motion for a change of venue; however, both were denied. (Id.).

## II. Analysis

### A. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Selensky has filed a motion to proceed *in forma pauperis* (Doc. 2), the Court is reviewing her Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  As a matter of law, a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitze v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous where, inter alia, the defendants are immune from suit, id., at 327-28, 109 S.Ct. 1833 (citing Williams v. Goldsmith, 701 F.2d 603 (C.A.7 1983)), or the claim seeks to enforce a right that clearly does not exist. Id., at 327, 109 S.Ct. 1833.  In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Courts hold allegations of pro se complaints to a less stringent standard than formal pleadings drafted by lawyers.

Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96 (1972).   However, the Court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citing Pontier v. City of Clearwater, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995)). Furthermore, a pro se litigant is still subject to the rules and procedures of the court, including the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### B. Requirements for Subject Matter Jurisdiction.

A federal court is a court of limited jurisdiction, which is authorized by the Constitution or Congress to hear only certain types of actions. Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 2616-17 (2012).   Accordingly, the Court's first consideration in reviewing an action is whether the court has subject matter jurisdiction over an action. Ashcroft v. Iqbal, 556 U.S. 662, 671 129 S.Ct. 1937, 1945 (2009) (nothing that "subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.).   "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc.,

760 F.2d 1249, 1251 (11th Cir. 1985); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261-62 (11th Cir. 2000) (raising sua sponte on appeal the issue of whether the case involved a sufficient amount in controversy for diversity jurisdiction). In addition, the inquiry into whether a federal court has subject matter jurisdiction should be done at the "earliest stage in the proceedings." University of South Alabama v. American Tobacco Co., 162 F.3d 405, 410 (11th Cir. 2000). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison, at 1261.

The plaintiff has the sole responsibility of establishing subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). To do so, the plaintiff must allege facts sufficient to demonstrate the existence of federal jurisdiction and include a short and plain statement of the grounds on which the court has jurisdiction over the action. Kirkland v. Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980).[4]

When a court considers dismissal for lack of subject matter

---

[4] The Eleventh Circuit in Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decision of the former Fifth Circuit rendered prior to October 1, 1981.

jurisdiction, it accepts the "well-pled facts as true," however; a court "is not required to accept plaintiff's legal conclusions." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft, at 678-79, 129 S.Ct. at 1949-50); Bell Atlantic Corp., v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).

### C. Lack of Subject Matter Jurisdiction.

Because Selensky is proceeding as a pro se litigant, the Court has liberally construed her Complaint in search of facts sufficient to establish subject matter jurisdiction. Aside from her conclusory allegations, that she has been incarcerated in jail without due process of law and that her civil rights have been taken from her due to her injury, and the denial of her right to represent herself, Selensky has provided no facts to support her conclusory allegations or to establish a basis for federal jurisdiction.[5] (Doc. 1, pg. 2). Without a factual basis supporting her assertions, these claims are merely conclusory allegations of law couched as factual allegations. As such, they are not sufficient to establish subject matter jurisdiction.

In order for this Court to exercise jurisdiction, Selensky must provide a short and plain statement identifying the basis

---

[5] Notwithstanding her assertion that she was not allowed to represent herself, Selenksy later avers that she actually represented herself in the relevant case. (Doc. 1, pgs. 4-7).

for this Court's jurisdiction.[6] Taylor, at 1367.  In the instant action, Selensky has not identified facts that suggest, let alone establish, the existence of federal jurisdiction.  Because the record is totally devoid of any factual support for Selensky's claims that her due process and civil rights have been violated, these claims are "wholly insubstantial and frivolous"; therefore, they cannot give rise to federal question jurisdiction. Southpark Square, Ltd. v. City of Jackson, Miss., 565 F.2d 338, 342-43 (5th Cir. 1977) (a federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim"), cert. denied, 436 U.S. 946 (1978).  Furthermore, Selensky has referenced no statutes or federal claims under which this Court can construe subject matter jurisdiction.  Mere, conclusory allegations that her due process and civil rights have been violated are insufficient to establish federal claims. Twombly, at 544, 127 S.Ct. at 1955. Thus, this action is due to be dismissed for lack of subject matter jurisdiction.

---

[6] Plaintiff, Linda Selensky, is well aware of the necessity of establishing the Court's subject matter jurisdiction due to her five prior actions in this Court being dismissed for lack of subject matter jurisdiction.  See Selensky v. Mobile Infirmary, 06-cv-00217-WS-M (S.D.Ala. June 12, 2006); Selensky v. State of Alabama, 08-cv-00173-WS-C (S.D.Ala. July 3, 2008); Selensky v. Whiddon, 09-cv-00592-CG-C (S.D.Ala. November 13, 2009); Selensky v. Green, 10-cv-00041-WS-C (S.D.Ala. April 26, 2010); Selensky v. State of Alabama, 11-cv-00195-KD-B (S.D.Ala. July 11, 2011).

**III. Conclusion**

Based on the foregoing reasons, the undersign recommends that this action be dismissed for lack of subject matter jurisdiction.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **10th** day of **January, 2013.**

                                        /s/ SONJA F. BIVINS
                          **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.